IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMOTHY WHITE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-1854-L-BK** |
| | § | |
| **ELLIS COUNTY,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On August 8, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 9) ("Report I") was entered, recommending that the court deny Plaintiff's Motion for Temporary Restraining Order (Doc. 6). Thereafter on September 8, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 11) ("Report II") was entered, recommending that the court dismiss without prejudice this action, pursuant to Federal Rule of Civil Procedure 41(b), as a result of Plaintiff's failure to prosecute and comply with a deficiency order entered by the magistrate judge. No objections to the Report were filed, and the deadline for asserting objections has expired.

Having considered the file, Report II (Doc. 11), and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action pursuant to Rule 41(b) as a result of Plaintiff's failure to prosecute and comply with a court order. In light of this determination, the court **rejects as moot** the magistrate judge's Report I (Doc. 9), and it **denies as moot** Plaintiff's Motion for Temporary Restraining Order (Doc. 6). The court also **denies as moot** Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 8).

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **incorporates by reference** the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).  Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 24th day of November, 2025.

Sam A. Lindsay
United States District Judge